UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TOWN OF FARRAGUT,                         )
                                          )    Case No. 3:24-cv-437
            *Plaintiff*,                   )
                                          )    Judge Travis R. McDonough
v.                                        )
                                          )    Magistrate Judge Jill E. McCook
SEAN MURPHY, et al.,                      )
                                          )
            *Defendants*.                  )

## MEMORANDUM OPINION

Before the Court is Plaintiff's motion to remand this case to state court (Doc. 8). For the following reasons, the Court will **GRANT** Plaintiff's motion (*id.*).

## I.    BACKGROUND

Plaintiff, the Town of Farragut, has provisions in its municipal code that regulate the size of yard signs. (Doc. 9, at 2.) Defendants, residents of Farragut, placed signs in their yard that violated these provisions at "some point in early 2023." (*See id.*) Following various state court proceedings regarding Defendants' violation of the municipal code, Defendants filed an action before this Court on November 8, 2023. (*Id.* at 4; Doc. 1 in Case No. 3:23-cv-402.) Defendants brought claims under the First Amendment, Fourteenth Amendment, the Spending Clause, and various state laws. (*See* Doc. 9, at 4; Doc. 81 in Case No. 3:23-cv-402.) The Court dismissed all of Defendants' claims in the action on April 15, 2024. (Doc. 9, at 4–5; Doc. 81 in Case No. 3:23-cv-402.) Defendants appealed this dismissal on July 25, 2024, and the appeal is currently pending before the Sixth Circuit. (*See* Doc. 125 in Case No. 3:23-cv-402.) Additionally, Defendants filed a petition for a writ of mandamus before the Sixth Circuit, seeking to require

the undersigned to recuse himself from Case No. 3:23-cv-402. (Doc. 9, at 5; Doc. 123 in Case No. 3:23-cv-402.) This matter is pending before the Sixth Circuit. (*See* Case No. 24-5646.)

After these proceedings, Defendants failed to remove the noncompliant signs from their yards. (Doc. 9, at 5.) In response, Plaintiff filed its complaint in the present action in Knox County Chancery Court, seeking to enforce the municipal code. (*See id.* at 5–8.) Plaintiff served Defendants with the complaint on September 25, 2024. (*Id.* at 7; Doc. 9-1, at 50–52.) Defendants attempted to remove the action into Case No. 3:23-cv-402 pursuant to 28 U.S.C. § 1441 on October 27, 2024. (Doc. 133 in Case No. 3:23-cv-402.) The Court directed the clerk to open a new case for the action. (*See* Doc. 134 in Case No. 3:23-cv-402.) On November 13, 2024, Defendants filed a motion to stay the case pending the Sixth Circuit's ruling on Defendants' appeal in Case No. 3:23-cv-402 and on Defendants' petition for mandamus. (Doc. 6, at 1–2.) Plaintiff filed a motion to remand this action to state court on November 26, 2024. (Doc. 8.) Plaintiff's motion to remand is ripe for review, as Defendants failed to timely respond to the motion.[1] *See* E.D. Tenn. L.R. 7.1(a) (granting parties 21 days to respond to dispositive motions).

## II. STANDARD OF LAW

"Federal courts have two kinds of original jurisdiction: federal question and diversity jurisdiction." *Clarke v. Pollan*, No. 24-3548, 2024 WL 4903806, at *1 (6th Cir. Nov. 27, 2024). Diversity jurisdiction exists when a dispute involves "citizens of different states" for a sufficient amount-in-controversy. *Hinkle v. OSU Hosp.*, No. 1:24-CV-1649, 2024 WL 4856557, at *2 (N.D. Ohio Nov. 21, 2024) (quoting 28 U.S.C. § 1332(a)(1)). Federal question jurisdiction exists

---

[1] The Court will consider Plaintiff's motion to remand before Defendants' motion to stay, as "a federal court generally may not rule on the merits of a case without first determining it has jurisdiction over the category of claim in suit." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

when a claim arises under federal law.  *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852

(6th Cir. 2023) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).  To determine

whether a claim arises under federal law, courts apply the well-pleaded complaint rule.  *Id.*

"Under this rule, a federal question must appear on the face of the complaint rather than as part

of a defense, even if a federal-law defense is anticipated."  *Id.* (quoting *Chase Bank USA, N.A. v.*

*City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012)).  However, "federal jurisdiction over a

state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3)

substantial, and (4) capable of resolution in federal court without disrupting the federal-state

balance approved by Congress."  *Id.* at 857 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

The party seeking removal under 28 U.S.C. § 1441 "bears the burden of establishing federal

jurisdiction."  *See id.* at 851–52 (quoting *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754

F.3d 367, 369 (6th Cir. 2014)).  Removal statutes must be strictly construed, and "all doubts

should be resolved against removal."  *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir.

2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).  Thus, a party seeking

to remove an action pursuant to § 1441 must not only establish the presence of a federal

question, but also that the removal adheres to the procedural requirements set forth in 28 U.S.C.

§ 1446.  *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003) (finding

that remand was warranted where the parties seeking removal did not meet all the requirements

of § 1446); *Michigan ex rel. Nessel v. Enbridge Energy*, LP, 104 F.4th 958, 971–72 (6th Cir.

2024) (holding that a party's failure to adhere to § 1446(b)'s time limitations requires remand).

### III. ANALYSIS

#### A. Procedural Defects

The Court finds that Defendants have not complied with the procedural requirements of § 1446. Under § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The notice of removal must be filed "in the district court of the United States for the district and division within which" the state court action was brought within this period. § 1446(a). A court must remand the case if the party seeking removal failed to adhere to § 1446(b)'s time limitations, provided that the party opposing removal timely objected to removal on this basis. *See* § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Nessel*, 104 F.4th at 971–72 (holding that § 1446(b)'s time limitations are mandatory).

Here, Plaintiff served Defendants with the complaint on September 25, 2024. (*Id.* at 7; Doc. 9-1, at 50–52.) Thus, § 1446(b) required that Defendants file a notice of removal on or before October 25, 2024. Defendants did not file a notice of removal until October 27, 2024. (*See* Doc. 1; Doc. 133 in Case No. 3:23-cv-402.) Plaintiff objected to the removal of this action on timeliness grounds within the time allotted by § 1447(c), as it filed a motion to remand on November 26, 2024. (*See* Doc. 8; Doc. 9, at 9–10.) Accordingly, the Court must remand this action to state court. *See Nessel*, 104 F.4th at 971–72.

## B. Federal Question

Even assuming that Defendants' notice of removal was timely, the Court must still remand this action, as Defendants have not demonstrated that federal question jurisdiction exists. Plaintiff asserts no federal claims in its complaint (*see* Doc. 9, at 12; Doc. 9-1, at 2–13), and Defendants' notice of removal offers one explanation as to why a federal question exists. (*See* Doc. 1.) Defendants only state that Plaintiff's action brings "matters that were before this Court in prior suit pending and on arguments on *federal* First Amendment Constitutional rights."[2] (*Id.*) (emphasis in original). To the extent Defendants intend to rely on a federal defense, this is irrelevant under the well-pleaded complaint rule. *See Hudak*, 58 F.4th at 852. "Even defenses that rely on the preclusive effect of a prior federal judgment" are not enough to present a federal question under the well-pleaded complaint rule. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474–75 (6th Cir. 2008) (cleaned up) (internal citation and quotation marks omitted). Thus, to the extent Defendants argue that the issues presented in Case No. 3:23-cv-402 establish a federal question in the present action, they are incorrect. Defendants' grounds for removal are insufficient to meet their burden of establishing federal jurisdiction over this matter, and, as such, the Court must remand the action.[3]

---

[2] Defendants are referring to Case No. 3:23-cv-402, as they include this case number in the header and attempted to file the notice of removal in the same case. (*See* Doc. 1; Doc. 133 in Case No. 3:23-cv-402.)

[3] The Court notes that Defendants' failure to respond to Plaintiff's motion to remand "may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Defendants' failure to respond solidifies their failure to carry the burden of establishing federal jurisdiction. *See Hudak*, 58 F.4th at 851–52.

## C. Attorney Fees

Plaintiff also requests attorney fees and costs for the present action under 28 U.S.C. § 1447(c).  (Doc. 9, at 15.)  § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "The decision whether to award attorney's fees is a matter of this Court's discretion." *Bank of Vernon v. Lunan*, No. 2:09-CV-127, 2009 WL 10675006, at *2 (E.D. Tenn. Dec. 3, 2009) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).  "[T]he standard for awarding fees [under § 1447(c)] should turn on the reasonableness of the removal."  *Martin*, 546 U.S. at 141.  Thus, a court may award fees when "the removing party lacked an objectively reasonable basis for seeking removal."  *Id.*  A court should not award fees when "the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove."  *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 488 (6th Cir. 2013) (quoting *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059–60 (6th Cir. 2008)).  The objective reasonableness of a defendant's attempt at removal "may depend on the clarity of the law at the time the notice of removal was filed."  *Id.* at 489 (quoting *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007)).

Here, Defendants removal was objectively unreasonable.  § 1446(b)(1) sets out a clear timeframe under which Defendants needed to file a notice of removal.  Defendants failed to adhere to § 1446(b)(1)'s time limit.  *See supra* Section III.A.  Further, the Sixth Circuit has established that this time limit is not subject to equitable tolling.  *See Nessel*, 104 F.4th at 971–72.  Thus, Defendants' attempt to remove this action contrary to § 1446(b)(1)'s procedural requirement is unreasonable.  However, the Court will decline to award attorney fees in this instance.

Although Plaintiff moved for fees, it did not specify the amount it requests, nor did it establish the number of hours its counsel expended due to Defendants' removal. (*See* Doc. 9.) A party moving for fees must provide documentation establishing the amount of fees they are entitled to. *See Kent State*, 512 F. App'x at 493 (establishing that a fee applicant must "submit appropriate documentation" to receive the attorney fees he seeks) (quoting *Fox v. Vice*, 563 U.S. 826, 837–39 (2011)). When a party seeking fees offers inadequate documentation, a "court may *reduce* the award accordingly." *Id.* (quoting Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999)). Plaintiff offers no evidence of the fees it incurred due to Defendants' removal. (*See* Doc. 9.) Thus, the Court will not award Plaintiff attorney fees. The Court will, however, award Plaintiff any court costs incurred due to Defendants' removal, as unlike unsubstantiated attorney fees, these expenses will be readily identifiable. *See* § 1447(c) (providing that a court may require the payment of "just costs").

## IV. CONCLUSION

For the reasons described above, Plaintiff's motion to remand (Doc. 8) is **GRANTED**. This action will be **REMANDED** to the Knox County Chancery Court. Defendants are hereby **ORDERED** to pay any court costs Plaintiff incurred due to Defendants' removal. Defendants' motion to stay these proceedings (Doc. 6) is **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**